**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUVENTINO BARRERA MARTINEZ, a.k.a. Martin Reyes Castro, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-73595 <br><br> Agency No. A094-464-928 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Juventino Barrera Martinez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

The record does not compel the conclusion that Barrera Martinez established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). Accordingly, his asylum claim fails.

Substantial evidence supports the agency's finding that Barrera Martinez failed to establish the harm he fears is on account of a protected ground, because the threats against him are based on a personal problem with his cousin. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481-82 (1992); *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground). Accordingly, his withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Barrera Martinez failed to establish it is more likely than not he would be tortured upon return to El Salvador. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 748-49 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**